**No. 46416.**—Protests 713642–G, etc., of Turin Grotto Restaurant (Philadelphia).

Opinion by CLINE, J.   The invoices describe the merchandise as Italian peeled tomatoes and tomato sauce.   A question arose on circuit whether, in view of *Vitelli* v. *United States* (2 Cust. Ct. 326, C. D. 154), affirmed in *Vitelli* v. *United States* (28 C. C. P. A. 131, C. A. D. 134), on tomato paste, the plaintiff should be precluded from presenting his case insofar as tomato sauce is concerned.   The court held that he should not be precluded from so doing.   No sample was produced but the plaintiff introduced testimony of the owner of the restaurant in question, who is the importer of the merchandise.   He testified, among other

things, that he, together with the chef, always examined the importations of tomato paste by "smelling the spices, tasting the sauce and looking at it," and that from his examination he is able to identify the ingredients which, in this case, consist of bay leaves, cloves, rosemary, marjoram, and sometimes whole peppers, together with the "meaty substance of tomatoes," celery, carrot juice, and garlic. He stated that the main use of the merchandise by him in his business was to put it on spaghetti, over 90 percent being used in that way, although he also uses it to put on veal cutlet to make it tasty; that it is used in the condition as imported to make food more palatable, and that he never uses it alone. He also testified that the uses to which he puts the imported commodity differ from those to which tomato paste, tomato purée, whole tomatoes, and tomato juice are put. On cross-examination he stated the cans were labeled "Salsa-Pomidoro," which he interpreted to mean tomato sauce. It appeared from the testimony that the so-called tomato sauce herein differs considerably from the commodity the subject of *Schroeder* v. *United States* (14 Ct. Cust. Appls. 267, T. D. 41882), affirming Abstract 50727, wherein the merchandise was invoiced as "Salsa di Pomodoro." The plaintiff cited the case of *United States* v. *Heinz* (26 C. C. P. A. 9, T. D. 49557) in which the court held the merchandise consisting of tomatoes, onions, sugar, salt, vinegar, and spices, to be a sauce. From the entire record in this case the court found that the testimony of the importer, standing alone, is not conclusive as to the chief use of the commodity, and that the importer's conclusion as to the contents based on smell and taste was not sufficient to establish that the goods are anything more than tomatoes, prepared or preserved in any manner. The court held that the plaintiff failed to overcome the presumption of correctness attaching to the collector's action. The protests were therefore overruled.